UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANUJ MAHENDRA PATEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF FCI MENDOTA CAMP,<br><br>Respondent. | Case No.: 1:26-cv-04617-CDB (HC)<br><br>ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 1)<br><br>**21-Day Deadline** |

Petitioner Anuj Mahendra Patel is proceeding pro se and *in forma pauperis* in this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, filed on June 15, 2026. (Doc. 1). In his petition, Petitioner challenges the results of a disciplinary proceeding by the U.S. Bureau of Prisons ("BOP") that resulted in his loss of good conduct time and commissary privileges and requests in relief, among other things, restoration of the good conduct time. *Id.* at 1. He alleges that his placement in a halfway house is scheduled for September 2026, and, thus, his petition "requires expedited review." He asserts that exhaustion of administrative remedies should be excused because exhaustion "would likely render any relief ineffective because the disciplinary sanctions directly affect prerelease placement, custody calculation, and release-related determinations." Petitioner asserts that he is "actively pursuing administrative remedies" but that "due to the limited time before prerelease placement," were the Court to require he complete the process of exhaustion,

it would render relief "ineffective" (presumably because his scheduled halfway house placement would occur prior to full exhaustion or otherwise would undermine the Court's ability to render timely relief).

**Governing Authority**

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). A district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (quoting Rule 4).

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." *Id.* If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustions and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

The first step in exhausting administrative remedies is a request for informal resolution. 28

C.F.R. § 542.13.  When informal resolution procedures are inadequate, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. § 542.10 *et. seq.*

**Discussion**

In support of his request that the Court excuse his failure to exhaust administrative remedies prior to commencing this action, Petitioner appears to assert that his placement in a halfway house is scheduled for September 28, 2026, if his good time credits are restored, and thus the petition requires expedited review.  *Id.* at 1, 3-4.  In support, Petitioner cites to *Brown*, 895 F.2d at 533, without elaboration.  *Id.* at 3.

In *Brown*, the Ninth Circuit found that the petitioner was entitled to credit against his sentence for time spent in a "community treatment center"/halfway house, as the enforced residence therein involved conditions "approaching those of incarceration."  *Brown*, 895 F.2d at 536.  Because the government did not raise the issue, the Ninth Circuit did not review the district court's waiver of exhaustion of administrative remedies.  *See id.*  The district court did not waive exhaustion due to the length of any remaining sentence requiring expedited review but, rather, because the court found that an existing BOP policy rendered exhaustion futile and because the petitioner presented a constitutional challenge against an administrative policy, finding that "[t]hese questions are particularly ill-suited for administrative resolution."  *Brown v. Rison*, 673 F. Supp. 1505, 1507 (C.D. Cal. 1987).

The district court also noted that the "matter does not turn on factual disputes" and so the court "would not be aided by the development of any factual record in the administrative forum," and BOP policy evidenced that it was "most unlikely this court's time could be conserved due to the possibility of relief being granted on the administrative law."  Lastly, the court found that, as the issue presented was one of constitutional law, "it does not involve any errors occurring during the course of an administrative proceeding which might be corrected by the administrative agency."

*Id.*

Petitioner's petition does not set forth any analogous facts.  Petitioner does not assert that there exists some BOP policy that would render the administrative remedies futile, nor that the petition involves a constitutional issue that would not benefit from factual development, nor that the administrative error alleged (refusal to consider alleged exculpatory evidence during a disciplinary hearing) could not be corrected by the administrative agency in the course of the administrative proceedings (namely, at BP-10 and BP-11).  Thus, the facts as alleged in the petition are not comparable to *Brown* and Petitioner has not set forth grounds for waiving administrative remedies.  The Court specifically rejects the notion that "the limited time remaining" before Petitioner expects to transition to a halfway house warrants excusal.  *See Thompson v. Hendrix*, No. 3:22-cv-00560-SI, 2022 WL 4549825, at *2–3 (D. Or. Sept. 29, 2022) (finding that "neither the relative brevity of his remaining sentence nor his desire for a faster path to federal court justifies excusing the exhaustion requirement applicable to this case"); *Galvan v. Duron*, No. CV 25-5668 CV (PVC), 2026 WL 817196, at *2 (C.D. Cal. Mar. 19, 2026) ("But as noted, Petitioner's First Step Act time credits could be applied to reduce his supervised release term.  Therefore, exhausting Petitioner's administrative remedies was not futile because of his release from physical custody for the same reasons his release did not render his First Step Act claim moot.  Therefore, he was not excused from exhaustion for that reason.") (citation omitted).

Petitioner does not argue that administrative remedies are unavailable in connection with the disciplinary hearing he challenges by his petition.  To the contrary, he alleges he is "actively pursuing administrative remedies" by submitting a BP-10 form on June 9, 2026, which is currently under consideration.  (Doc. 1 at 1).  However, Petitioner notes that custodial staff declined to provide him with a copy of the hearing report, which he alleges prevented "meaningful review of the disciplinary decision and impaired [P]etitioner's ability to fully exhaust his administrative remedies." *Id.* at 2.

Petitioner does not elaborate why denial of access to the hearing report deprived him of the ability to exhaust administrative remedies.  For instance, Petitioner does not assert that he was denied access to forms to initiate a grievance or appeal.  Petitioner's assertions as set forth in the

petition fail to show why he could not exhaust administrative remedies. *See Ferreira v. Derr*, No. CV 22-00539 SOM-WRP, 2023 WL 2898670, at *3 (D. Haw. Apr. 11, 2023) ("In Ferriera's Reply, she argues for the first time that she should be relieved of the exhaustion requirement because she 'was told that [she] cannot use the administrative remedies and was denied forms to appeal BOP's denial to apply my FSA ETC and Elderly Offender credits.' … Without more of an explanation as to the circumstances surrounding the purported denial of any administrative request and why she could not appeal that denial, Ferreira fails to show why the court should waive the administrative exhaustion requirement.").

Thus, as it appears from the petition that Petitioner did not exhaust his administrative remedies, and because the petition does demonstrate sufficient basis for waiver of exhaustion, Petitioner will be ordered to show cause why the Court should not dismiss the petition for failure to exhaust administrative remedies.

**Conclusion and Order**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, **within 21 days** of service of this order, why the Court should not dismiss the petition without prejudice for failure to exhaust administrative remedies. Petitioner shall set forth in his response any grounds he asserts establish futility, his inability to exhaust said remedies, or would result in irreparable harm.

**Any failure by Petitioner to respond to the Court's order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with court orders.**

IT IS SO ORDERED.

Dated:   **June 18, 2026**

_____
UNITED STATES MAGISTRATE JUDGE