UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANUJ MAHENDRA PATEL,

Petitioner,

v.

WARDEN OF FCI MENDOTA CAMP,

Respondent.

Case No.: 1:26-cv-04617-CDB (HC)

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

(Docs. 1, 5)

**21-Day Deadline**

Clerk of the Court to Assign District Judge

**Background**

Petitioner Anuj Mahendra Patel is proceeding pro se and *in forma pauperis* in this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, filed on June 15, 2026. (Doc. 1). In his petition, Petitioner challenges the results of a disciplinary proceeding by the U.S. Bureau of Prisons ("BOP") that resulted in his loss of good conduct time and commissary privileges and requests in relief, among other things, restoration of the good conduct time. *Id.* at 1. He asserts that exhaustion of administrative remedies should be excused because exhaustion "would likely render any relief ineffective because the disciplinary sanctions directly affect prerelease placement, custody calculation, and release-related determinations," and that he is "actively pursuing administrative remedies" but that "due to the limited time before prerelease placement," were the Court to require he complete the process of exhaustion, it would render relief "ineffective." *See id.*

On June 18, 2026, the Court ordered Petitioner to show cause why the Court should not dismiss the petition for failure to exhaust administrative remedies. (Doc. 4). On June 29, 2026, Petitioner filed a timely response and a motion to amend certain facts within his petition. (Docs. 5, 6). On July 13, 2026, Petitioner filed a motion for status and expedited ruling. (Doc. 7).

**Governing Authority**

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). A district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (quoting Rule 4).

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by *Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Thus, "because exhaustion is not required by statute, it is not jurisdictional." *Id.* If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustions and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

The first step in exhausting administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures are inadequate, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 *et. seq.*

**Discussion**

In his petition, Petitioner appears to assert that his placement in a halfway house is scheduled for September 28, 2026, if his good time credits are restored, and thus the petition requires expedited review. (Doc. 1 at 1, 3-4). In his motion filed on June 29, 2026, Petitioner represents that the "true, legally mandated release date to community custody is, in fact, June 30, 2026." *Id.* at 1. Petitioner provides that the "local case manager's unauthorized stripping of 125 second chance Act days is the sole mechanical reason his placement reflects a delayed November 1, 2026 timeline [sic]." (Doc. 6).

Petitioner states that he has submitted a BP-11 in early June 2026. He further provides that, in February 2026, he filed a BP-8 and BP-9 challenging his sentence calculations. (Doc. 5 at 2). "The local Unit Manager actively intervened" with an "explicit promise that the errors would be corrected internally if Petitioner withdrew the grievance." Petitioner states he then withdrew the BP-9 and the "Unit Team" failed to "honor this agreement." In support, Petitioner cites to *Ross v. Blake*, 578 U.S. 632 (2016). However, *Ross v. Blake* is inapposite as it relates to the Prison Litigation Reform Act, which does not apply to habeas petitions challenging duration of confinement. 18 U.S.C. § 3626(g)(2).

Regardless, Petitioner has not set forth grounds for waiving administrative remedies. As explained in the prior order to show cause (Doc. 4), the Court specifically rejects the notion that the limited time remaining before Petitioner expects to transition to a halfway house warrants excusal. *See Thompson v. Hendrix*, No. 3:22-cv-00560-SI, 2022 WL 4549825, at *2–3 (D. Or. Sept. 29, 2022) (finding that "neither the relative brevity of his remaining sentence nor his desire

for a faster path to federal court justifies excusing the exhaustion requirement applicable to this case"); *Galvan v. Duron*, No. CV 25-5668 CV (PVC), 2026 WL 817196, at *2 (C.D. Cal. Mar. 19, 2026) ("But as noted, Petitioner's First Step Act time credits could be applied to reduce his supervised release term. Therefore, exhausting Petitioner's administrative remedies was not futile") (citation omitted).

Petitioner does not refute that he will be placed in a halfway house upon release, nor otherwise provide that his credits could not be provided to any term of supervised release at a halfway house. Further, though Petitioner asserts that he withdrew his BP-9 based on a promise from an official that went unfulfilled, he does not allege that his ability to file administrative remedies was curtailed in some way. At best, Plaintiff's representations demonstrate only a temporary unavailability of administrative remedies. Indeed, Petitioner states that his BP-11 is submitted and pending.

Thus, Petitioner's assertions fail to show why he could not exhaust administrative remedies. *See Sperow v. Graber*, No. CV 13-1940 DMG JCG, 2014 WL 1291406, at *2 (C.D. Cal. Mar. 31, 2014) ("Petitioner argues that exhaustion should be excused because his counselor's unavailability for two days precluded him from obtaining the necessary BOP forms. But Petitioner's argument is unavailing because his counselor's temporary unavailability does not qualify as a "circumstance [ ] render[ing] administrative remedies effectively unavailable."); *Chappel v. United States*, No. CV 13-7309-CJC (AGR), 2015 WL 7271808, at *2 (C.D. Cal. Oct. 6, 2015) (citing cases and noting that "[n]umerous courts have dismissed federal prisoners' sentencing-calculation petitions for failure to exhaust administrative remedies, without considering the merits").

Thus, as Petitioner did not exhaust his administrative remedies, and because Petitioner does demonstrate sufficient basis for waiver of exhaustion, the undersigned will recommend that the petition be dismissed.

**Conclusion and Recommendations**

The Clerk of the Court is directed to assign a District Judge.

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. The petition (Doc. 1) be dismissed without prejudice for failure to exhaust

administrative remedies;

2. Petitioner's motions to amend the release date (Doc. 6) and for expedited ruling (Doc. 7) be denied as moot; and

3. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE